FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 10:09 am, Aug 24, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | |
| SHELTON R. WARD | ) | Number 11-10663 |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

The matter before me is Shelton R. Ward's ("Debtor") modification of plan after confirmation and the Chapter 13 Trustee's ("Trustee") objections thereto. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, the modification of plan after confirmation is approved.

## FINDINGS OF FACT

Debtor filed a voluntary petition for Chapter 13 bankruptcy on April 3, 2011. On Schedule J of his petition, Debtor listed his monthly net income as -$63.42. Under Debtor's original Chapter 13 plan, he was to: (1) make $200.00 per month payments to the Trustee to fund his plan; (2) cure the arrearage on the mortgage for his primary residence property held by Wells Fargo Home Mortgage ("Wells Fargo") and (3) continue to make

AO 72A
(Rev. 8/82)

separate mortgage payments to Wells Fargo directly in the amount of $1,383.29 per month. Debtor owns a half interest[1] in his primary residence. He also owns 100% of the adjoining lot. (Collectively, the residence and adjoining lot are referred to as the "Property"). The plan proposed to sell the Property with "nonexempt proceeds from the sale [to be] paid to the Trustee." Plan, Dckt. No. 2, ¶8. The amount of nonexempt equity is not specified in the plan nor in the Trustee's motion to confirm the plan, but the Property is valued in Debtor's schedules. Specifically, Debtor valued his half interest in the residence at $125,000.00 and the full value of the residence at $250,000.00 with the total secured debt of $132,000.00. Dckt. No. 1, Sch. A. In addition to this $132,000.00 lien, when the Property was sold, an additional $30,000.00 was designated to pay the IRS liens on the Property. Debtor valued his interest in the adjoining lot at $16,000.00. Debtor's interest in the adjoining lot is not encumbered.

The Trustee objected to the confirmation of the plan because the plan contemplated the sale of the Property but did not provide "that the nonexempt equity from such sale [would] be

---

[1] Debtor's deceased wife owned the other half. She died pre-petition. Prior to her death, she was a physician. Apparently she has significant IRS liens from her business.

used to increase the dividend to the unsecured creditors." Dckt. No. 12, Objection to Confirmation of Chapter 13 Plan. In response to the Trustee's objection, the plan was amended on June 7, 2011 to provide that the Debtor would pay the originally prescribed payments of $200.00 per month for the first 12 months of the plan (through April 2012); thereafter, Debtor's payments into the plan would increase to $2,500.00 per month for the remaining 48 months. Dckt. No. 22, Trustee's Motion to Confirm Plan as Amended. The amended plan also stated that "nonexempt equity from sale of real estate to be paid to the Trustee." Id. The plan was confirmed with the Trustee's consent without an evidentiary hearing.

Thereafter, Wells Fargo filed a motion for relief from stay seeking to foreclose on Debtor's primary residence for his failure to cure the arrearage owed and failure to make the mortgage payments required by the plan. Prior to the hearing on the motion for relief, the parties resolved the dispute by requiring Debtor to immediately cure the arrearage of $8,994.20 and make additional monthly payments to Wells Fargo of $749.52. Dckt. No. 44, Consent Order.

Debtor filed a motion to sell the Property for $212,000.00, $54,000.00 less than the full value of the Property

AO 72A
(Rev. 8/82)

set forth in Debtor's schedules. Dckt. No. 47, Motion to Sell. The Trustee objected to the motion to sell because the proposed sale price was for less than the fair market value listed on Debtor's Schedule A. Dckt. No. 50, Objection to Application to Sell Debtor's Interest in Real Estate. At the hearing, Debtor testified to the value and condition of the Property. Debtor indicated when he completed his bankruptcy schedules, the value assigned to the Property was what he believed it was worth at that time. When he prepared to market the Property, he realized the actual value of the Property was less than the $266,000.00 ($250,000.00 full value of the primary residence and $16,000.00 for the lot) set forth in his schedules. Debtor based his $212,000.00 valuation upon the valuations given by two realtors, who considered the condition of the Property and market, and the arm's length offers he obtained after putting the Property on the market. I found Debtor to be credible, and after considering this testimony, approved Debtor's motion to sell requiring Debtor to pay the nonexempt funds generated from the sale of not less than $12,000.00[2] to the Trustee for the benefit of the creditors ("Sale Order"). Dckt. No. 54, Order Granting Motion to Sell.

---

[2] Calculated by taking the sales price and deducting the amount of secured debt, tax liens, Debtor's exemption, the realtor's commission, and closing costs.

4

After the sale was completed, Debtor filed this modification after confirmation ("MAC") seeking to reduce the monthly payments to $200.00/month because Debtor is unable to make the $2,500.00/month step up payment because his "current income and expenses demonstrate the ability to pay less than the amount in the confirmed plan." Dckt. No. 58, Modification of Plan After Confirmation. In support of this contention, Debtor's amended schedule J shows a monthly net income of $183.72. Dckt. No. 71, Amended Schedule J.

The Trustee objected to the MAC and requested a hearing on Debtor's disposable income and the necessity of a modified plan. Dckt. No. 61, Objection to Confirmation of Chapter 13 Plan to Modified Plan. The Trustee also argues the modification is an inappropriate attempt to revisit the equity established by Debtor's schedules at confirmation. Dckt. No. 66, Second Objection to Confirmation of Chapter 13 Plan to Modified Plan.

## CONCLUSIONS OF LAW

In support of the MAC, Debtor argues the MAC does not revisit the equity issue because all the nonexempt equity has been paid to the Trustee for the benefit of Debtor's creditors as required by the confirmed plan and the Sale Order. Debtor argues the actual liquidation of the Property through an approved sale,

5

contemplated by Debtor's plan, satisfied the liquidation test. Finally, Debtor argues while a substantial and unanticipated change is not required by the Bankruptcy Code for plan modification, Debtor's situation nevertheless, satisfies this purported requirement. Dckt. No. 78, Brief in Support of Modification After Confirmation.

Conversely, the Trustee contends the liquidation test is not met as there was substantially more equity in the Property determined at confirmation based upon the value Debtor placed on the Property in his schedules and Debtor is obligated to pay this equity to his creditors. The Trustee argues this valuation cannot be revisited because the MAC must satisfy the original confirmation requirements. Finally, the Trustee contends that a substantial, unanticipated change is required for a modification after confirmation, which does not exist in this case because a change in the value of real estate should be anticipated and Debtor's income has not decreased. Dckt. No. 79, Trustee's Brief.

In this case, the confirmed plan calls for the sale of the Property and provides for the "nonexempt equity from sale of real estate to be paid to Trustee." Dckt. No. 22, Trustee's Motion to Confirm Plan as Amended. Debtor filed a Motion to

Approve the Sale of the Property within eight months of the confirmation of the Plan. At the hearing on the Motion to Sell, after considering Debtor's valuation testimony, this Court approved the sale of the Property, over the objection of the Trustee, provided that after payment of liens, closing costs and exemptions, the remaining nonexempt funds of not less than $12,000.00 be paid to the Trustee. Dckt. No. 54, Order Granting Motion to Sell; see also Best v. GMAC Mortg. LLC (In re Best), 2012 WL 2905748 *5 (Bankr. S.D. Ga. July 5, 2012)(the debtor may testify as to the value of the debtor's property). In accordance with the Sale Order, the sale closed and the $12,000.00 of nonexempt equity was paid to the Trustee. The Trustee is now seeking to raise the same valuation objection in her objection to the MAC, contending the house sold for much less than the value listed in the schedules.

The Trustee argues the plan must satisfy the liquidation test of 11 U.S.C. §1325(a)(4), namely, that creditors receive more in the chapter 13 case than they would in a chapter 7 case liquidation. There is no greater test of the liquidation analysis than actual liquidation of an asset which was contemplated by the confirmed plan. The nonexempt equity amount was not set at confirmation as the sale had not been approved.

As contemplated by the confirmed plan, the nonexempt equity amount was determined by the Sale Order.

When there is substantial post-confirmation change in value realized through a sale of real property, a MAC may be appropriate. See e.g. Waldron v. Brown (In re Waldron), 536 F.3d 1239, 1243 (11th Cir. 2008)("If [a debtor] loses a stream of income, a debtor likewise can move to modify his plan to decrease his payments. . . [U]nder the ability-to-pay standard, creditors share both the gains and losses of the debtor.") citing with approval Barbosa v. Solomon, 235 F.3d 31 (1st Cir. 2000)(allowing a modification after confirmation where the debtor sold the property for substantially more than the value listed in schedules); see also Murphy v. O'Donnell (In re Murphy), 474 F.3d 143 (4th Cir. 2007)(the debtor's sale of condominium for more than value listed in schedules was "substantial and unanticipated change" warranting a modification after confirmation even where property had revested in the debtor at confirmation).

In this case, since the nonexempt equity from the sale has been paid to the Trustee for the benefit of creditors under the terms of the confirmed plan and the Sale Order, the Debtor need only prove there was a substantial, unanticipated change of circumstance regarding his ability to pay the stepped-up amount

⊗AO 72A
(Rev. 8/82)

of $2,500.00 per month to the Trustee. Dckt. No. 54, Order Granting Motion to Sell. The Trustee argues the stepped up increase was required to provide the Trustee with proceeds from the sale. However, the Trustee's motion to confirm plan had two caveats: (1) it required the nonexempt proceeds to be turned over to the Trustee which has been done in lump sum; and (2) it provided for an increase in monthly plan payments from $200.00 to $2,500.00 per month commencing in May 2012. Debtor paid the nonexempt equity, but he is unable to make the increased payments. Debtor's income has not increased at the rate anticipated at confirmation. According to the Debtor, he expected his income to increase by $2,300.00 per month. His net income has actually increased by only $247.14, going from a negative ($63.42) to $183.72 net income per month.

Pursuant to 11 U.S.C. §1329(b), any modification must comply with 11 U.S.C. §1322(a)-(c) and the confirmation requirements of 11 U.S.C. §1325(a). 11 U.S.C. §1329(b); In re Euler, 251 B.R. 740, 744 (M.D. Fla. 2000). Along with these requirements, courts in the Eleventh Circuit have found a threshold requirement that the modification must be due to a substantial, unanticipated change of circumstance. Green Tree Acceptance, Inc. v. Hoggle (In re Hoggle), 12 F.3d 1008, 1011

9

(11th Cir. 1994); In re Bunnell, 2003 WL 24241626, at *3 (Bankr. S.D. Ga. Nov. 30, 2003); see also In re Waldron, 536 F.3d at 1243 ("[N]ew assets that a debtor acquires unexpectedly after confirmation by definition do not exist at confirmation and cannot be returned to him then."); In re Euler, 251 B.R. at 746-47.

In this case the unanticipated change in Debtor's financial condition is not the equity in the Property as the plan contemplated a sale and the sale determined the nonexempt equity required to be paid into the plan. Rather, the Debtor's anticipated, substantial increase in income has not materialized and thus he is unable to fulfill the terms of his confirmed plan. Due to the great disparity between what was expected and what actually occurred, I find Debtor's much lower than expected increase in income constitutes a substantial, unanticipated change of circumstance such that the MAC is appropriate. In re Hoggle, 12 F.3d at 1011; In re Pearson, 1995 WL 17005062, at *4 (Bankr. S.D. Ga. May 4, 1995)(There is no clear test for whether a substantial or unanticipated change in circumstance occurred such that modification after confirmation is appropriate; and such inquiry is largely fact-specific.); see In re McCray, 172 B.R. 154, 158 (Bankr. S.D. Ga. 1994) quoting In re Woodhouse, 119

AO 72A (Rev. 8/82)

B.R. 819, 820 (Bankr. M.D. Ala. 1990)(there must be a substantial, unanticipated change in the Debtor's ability to pay under the plan for a modification to be appropriate); see Arnold v. Weast (In re Arnold), 869 F.2d 240, 243 (4th Cir. 1989)(holding that a modification of a plan after confirmation was warranted where the debtor's salary increased from $80,000.00 to $200,000.00).

For these reasons, the Trustee's Objection to Confirmation is ORDERED OVERRULED and Debtor's Modification After Confirmation is ORDERED CONFIRMED.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 24th Day of August 2012.